UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No. 2:19-cr-20271-1

HONORABLE STEPHEN J. MURPHY, III

v.

D-1 ERIC JOHNSON,

          Defendant.
                                       /

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [112]**

Defendant Eric Johnson moved for compassionate release. ECF 112. But the Court will deny Defendant's motion because he failed to exhaust the administrative requirements to be eligible for compassionate release.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Plus, it is Defendant's burden to establish that he has exhausted all his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted).

1

Here, Defendant has offered no evidence that he has exhausted his administrative remedies. *See* ECF 112. Defendant merely asserted that he is seeking compassionate release "to be able to get to and care for [his] son." *Id.* at 940. Defendant has not outlined, let alone shown, any concrete steps he took to meet the requirements of § 3582(c)(1)(A). Because Defendant has failed to satisfy his burden, the Court will deny the motion for compassionate release without prejudice. Defendant may refile the motion after he has satisfied either condition of § 3582(c)(1)(A).

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release [112] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 2, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 2, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager